UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BURCIAGA, ) | 1:12-cv—00258-LJO-SKO-HC |
| ) | |
| Petitioner, ) | FINDINGS AND RECOMMENDATIONS RE: |
| ) | RESPONDENT'S MOTION TO DISMISS |
| ) | THE PETITION (DOCS. 8, 9, 1) |
| v. ) | |
| ) | <u>OBJECTIONS DEADLINE:</u> |
| MARTIN D. BITER, Warden, ) | <u>THIRTY (30) DAYS</u> |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is Respondent's motion to dismiss the petition on the ground that as to some of the claims in the petition, Petitioner failed to exhaust his state court remedies. The motion was filed on May 7, 2012, but the proof of service submitted with the motion was defective. (Doc. 8-1.) An amended declaration of service by mail was filed on May 14, 2012, which reflected that on the same date,

1

Respondent mailed the motion to Petitioner at his address as listed in the docket. (Doc. 9.) Although the time period for the filing of opposition to the motion has passed, no opposition to the motion has been filed.

I.  Proceeding by Way of a Motion to Dismiss

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. -, -, 131 S.Ct. 13, 16 (2010) (per curiam).

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court...."

The Ninth Circuit has allowed respondents to file motions to dismiss pursuant to Rule 4 instead of answers if the motion to dismiss attacks the pleadings by claiming that the petitioner has failed to exhaust state remedies or has violated the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss

2

a petition for failure to exhaust state remedies).  Further, a respondent may file a motion to dismiss after the Court orders the respondent to respond, and the Court should use Rule 4 standards to review a motion to dismiss filed before a formal answer.  See, Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n.12 (C.D.Cal. 1982).

In this case, upon being directed to respond to the petition by way of answer or motion, Respondent filed the motion to dismiss.  The material facts pertinent to the motion are contained in the pleadings and in copies of the official records of state judicial proceedings which have been provided by the parties, and as to which there is no factual dispute.  The Court will therefore review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.  Background

Petitioner filed his petition on February 23, 2012. Petitioner, an inmate of Kern Valley State Prison, is serving a sentence of life without parole and twenty-five years to life pursuant to his conviction of first degree murder in May 2008 in the Madera County Superior Court.  Petitioner alleged the following claims in the petition:  1) because Petitioner was arrested without probable cause, all resulting evidence should have been suppressed, including an overly suggestive in-field or "show-up" identification; 2) the trial court erred in not instructing the jury on lesser included offenses; 3) trial counsel, who was being treated with harsh chemotherapy, committed unprofessional errors, such as admitting guilt in the courtroom in front of the jury, which affected the outcome of the

proceedings; and 4) cumulative trial errors (the first three grounds) warranted reversal. (Pet., doc. 1, 4-5.)

Although Respondent agrees that Petitioner presented some of his claims to the California Supreme Court, Respondent moves to dismiss the petition contending that the petition contains some claims as to which state court remedies have not been exhausted, and must be dismissed as a mixed petition. Respondent contends that in the petition filed in the California Supreme Court, Petitioner did not raise either the inadmissibility of the in-field identification or cumulative error.

Documents submitted in support of the motion show that in his petition for review filed in the California Supreme Court, Petitioner argued that his arrest was not supported by probable cause, his detention or arrest was impermissibly prolonged, his confession was involuntary and thus improperly admitted, the failure to instruct on lesser included offenses of second degree murder and involuntary manslaughter violated Petitioner's rights under the Fourteenth Amendment, and counsel's pursuit of an untenable theory of defense was ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the Constitution because a better alternative existed. (LD 3, 2.)[1]

In the argument portion of the petition for review, one of the specific argument headings was as follows:

> REVIEW SHOULD BE GRANTED TO DETERMINE IF THE FACTORS CITED BY THE COURT OF APPEAL WERE SUFFICIENT TO ESTABLISH PROBABLE CAUSE FOR ARREST OR IF THE EVIDENCE OBTAINED AS A RESULT OF THE ARREST MUST BE SUPPRESSED BECAUSE THE ARREST VIOLATED THE FOURTH AMENDMENT.

---

[1] "LD" refers to documents lodged by Respondent in support of the motion to dismiss.

4

(<u>Id.</u> at 4.)  In the text of the argument under this heading, no mention was made of the in-field identification.  (<u>Id.</u> at 4-9.) The next argument heading appearing in the petition concerned whether Petitioner's statements to police during his detention or arrest were involuntarily obtained.  (<u>Id.</u> at 9.)  In the course of argument under this heading, Petitioner contended that the fruits of an illegal arrest or detention may not be used as evidence unless the information obtained was sufficiently attenuated.  (<u>Id.</u> at 9-10.)  However, the only evidence or fruits that were mentioned in the course of the text of the argument were Petitioner's confessions to police.  (<u>Id.</u> at 10-11.)  No further mention was made of either the propriety of the detention or arrest or the admissibility of any fruits thereof.  (<u>Id.</u> at 11-30.)  There was also no mention of cumulative error in the petition for review.

   A check of the official website of the California courts confirms Respondent's assertion that Petitioner has not filed any state court habeas petitions.

   III.  <u>Analysis</u>

   A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state

6

court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition.  Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).  The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted

7

1   claims.  Raspberry, 448 F.3d at 1154.

2       Here, Petitioner did not separately set forth the facts of
3   the case in his petition for review.  He instead adopted the
4   statement of facts set forth in the CCA's decision, which
5   detailed the circumstances of the in-field identification in the
6   course of addressing the claim that it was suggestive.  (LD 3, 3;
7   LD 2, 5-6, 15-16.)  However, Petitioner did not expressly argue
8   that the identification was inadmissible in the petition.  Thus,
9   he did not directly present the issue to the California Supreme
10  Court.

11      In the absence of a clear, strategic choice to forego
12  presentation of a federal issue, a petitioner has "fairly
13  presented" a claim not named in a petition if it is "sufficiently
14  related" to an exhausted claim.  Wooten v. Kirkland, 540 F.3d
15  1019, 1025-26 (9th Cir. 2008) (citing Lounsbury v. Thompson, 374
16  F.3d 785, 788 (9th Cir. 2004) (holding that by exhausting his
17  procedural due process challenge in his state court petition, the
18  petitioner had fairly presented his substantive due process claim
19  that he was tried while mentally incompetent because "the clear
20  implication of his claim was that by following a constitutionally
21  defective procedure, the state court erred in finding him
22  competent")).  Claims are "sufficiently related" or "intertwined"
23  for exhaustion purposes when, by raising one claim, the petition
24  clearly implies another error.  Wooten, 540 F.3d at 1025.

25      Although the inadmissibility of one type of alleged fruit of
26  Petitioner's arrest or detention, namely, Petitioner's
27  confessions, was expressly argued before the California Supreme
28  Court, Petitioner did not mention either the in-field

8

identification or physical evidence consisting of Petitioner's footprints at or near the scene as fruits of the allegedly unlawful detention or arrest. The admissibility of this other evidence was expressly presented to the CCA, which considered and rejected Petitioner's contentions. (LD 2, 16.) It thus appears that Petitioner chose not to present the additional issues to the California Supreme Court.

Further, the issue raised before the California Supreme Court was not simply that Petitioner's confessions were inadmissible as fruit of the poisonous tree, but rather that the absence of the appropriate Miranda protocol rendered the confessions inadmissible in conjunction with the unreasonableness of the detention or arrest. (Id. at 9-11.) Petitioner's argument before the California Supreme Court was based on not only the Fourth and Fourteenth Amendments, but also the Fifth Amendment. By raising the claim concerning Petitioner's confession before the California Supreme Court, it was not clearly implied that other fruits were also inadmissible for the same reasons. Accordingly, the Court concludes that Petitioner's Fourth and Fourteenth Amendment fruits claims concerning the in-field identification and the physical evidence were not clearly implied by Petitioner's raising the claim that his confession was involuntary.

With respect to the cumulative error claim, although Petitioner raised cumulative error before the CCA (LD 1, 76-77), Petitioner did not expressly raise this error before the California Supreme Court. As noted, Petitioner did not raise all the component errors before the Supreme Court. However, even if

1  Petitioner had done so, briefing a number of isolated errors that
2  turn out to be insufficient to warrant reversal does not
3  automatically require the Court to consider whether the
4  cumulative effect of the alleged errors prejudiced the
5  Petitioner.  Wooten, 540 F.3d at 1025.
6      Further, the decision in Solis v. Garcia, 219 F.3d 922, 930
7  (9th Cir. 2000), cert. den., 534 U.S. 839 (2001), suggests that a
8  cumulative error claim must be clearly identified in a
9  petitioner's brief before a state court to be exhausted.  Wooten,
10 540 F.3d at 1026.  In Solis, the petitioner set forth his
11 cumulative error claim in the penultimate paragraph of a lengthy
12 brief, stating that the "errors complained of above, individually
13 and cumulatively denied appellant Due Process and a fair trial
14 under federal and state constitutions."  The petitioner did not
15 label his cumulative error claim as an issue in the contents
16 section of the brief; he did not argue the substance of the claim
17 or cite authority for it.  The government did not address the
18 claim in its brief.  The Solis Court held that the district court
19 properly declined to review the cumulative error claim.  Id. at
20 930.  Accordingly, the Court concludes that Petitioner did not
21 fairly present the cumulative error claim to the California
22 Supreme Court.
23     In summary, it is concluded that state court remedies were
24 not exhausted as to the portion of Petitioner's first claim
25 pertaining to the suppression of the in-field identification
26 because only the admissibility of Petitioner's confessions was
27 raised before the California Supreme Court.  Further, state court
28 remedies as to Petitioner's cumulative error claim were not

exhausted because the claim was not presented to the California Supreme Court.

The instant petition is thus a mixed petition containing exhausted and unexhausted claims.  As previously noted, where a petition is mixed, the Court must dismiss the petition without prejudice to give Petitioner an opportunity to exhaust the claims if he can do so.  Rose, 455 U.S. at 510, 521-22.  However, the Court must give a petitioner an opportunity to amend a mixed petition to delete the unexhausted claims and permit review of properly exhausted claims.  Rose v. Lundy, 455 U.S. at 520.

IV.  Recommendation

Accordingly, it is RECOMMENDED that:

1)  Petitioner be granted thirty (30) days to file a motion to withdraw the unexhausted claims; and

2)  In the event that Petitioner does not file such a motion, the Court should assume that Petitioner desires to return to state court to exhaust the unexhausted claims, and the Court should then dismiss the entire petition without prejudice.[2]

---

[2] Petitioner is informed that a dismissal for failure to exhaust will not itself bar him from returning to federal court after exhausting his available state remedies.  However, this does not mean that Petitioner will not be subject to the one-year statute of limitations imposed by 28 U.S.C. § 2244(d). Although the limitations period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it is not tolled for the time an application is pending in federal court.  Duncan v. Walker, 533 U.S. 167, 172 (2001).

Petitioner is further informed that the Supreme Court has held in pertinent part:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims.  See Fed. Rules Civ. Proc. 41(a) and (b).  Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court.  The failure to comply with an order of the court

1  These findings and recommendations are submitted to the
2 United States District Court Judge assigned to the case, pursuant
3 to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of
4 the Local Rules of Practice for the United States District Court,
5 Eastern District of California.  Within thirty (30) days after
6 being served with a copy, any party may file written objections
7 with the Court and serve a copy on all parties.  Such a document
8 should be captioned "Objections to Magistrate Judge's Findings
9 and Recommendations."  Replies to the objections shall be served
10 and filed within fourteen (14) days (plus three (3) days if
11 served by mail) after service of the objections.  The Court will
12 then review the Magistrate Judge's ruling pursuant to 28 U.S.C.
13 § 636 (b)(1)(C).  The parties are advised that failure to file
14 objections within the specified time may waive the right to
15 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
16 1153 (9th Cir. 1991).

17

18 IT IS SO ORDERED.

19 **Dated:    July 26, 2012**                     **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE

---

is grounds for dismissal with prejudice.  Fed. Rules Civ.
Proc. 41(b).  <u>Slack v. McDaniel</u>, 529 U.S. 473, 489 (2000).

Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.