UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BURCIAGA,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>MARTIN D. BITER, Warden,<br><br>　　　　　Respondent. | 1:12-cv−00258-LJO-SKO-HC<br><br>ORDER RE: FINDINGS AND RECOMMENDATIONS REGARDING RESPONDENT'S MOTION TO DISMISS THE PETITION (Docs. 11, 8)<br><br>ORDER GRANTING PETITIONER'S MOTION TO FILE THE PROPOSED FIRST AMENDED PETITION (Doc. 19)<br><br>ORDER DIRECTING THE CLERK TO FILE THE PROPOSED FIRST AMENDED PETITION AS THE FIRST AMENDED PETITION (Doc. 19 at pages 4-34)<br><br>ORDER DECLINING RESPONDENT'S REQUEST TO LIMIT THE CLAIMS IN THE FIRST AMENDED PETITION (Doc. 20)<br><br>ORDER REFERRING THE MATTER BACK TO THE MAGISTRATE JUDGE FOR FURTHER SCREENING |

　　　Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.

1

I. <u>Background</u>

On July 26, 2012, the Magistrate Judge filed findings and recommendations regarding Respondent's motion to dismiss the petition on the ground that as to some of the claims in the petition, Petitioner failed to exhaust his state court remedies. It was recommended that the Court find that Petitioner had exhausted state court remedies as to some claims but had failed to exhaust state court remedies as to other claims, and that Petitioner be given thirty (30) days within which to move to withdraw his unexhausted claims.

The findings and recommendations were served on Petitioner on July 26, 2012. The findings and recommendations informed Petitioner that objections were due within thirty days of service.

After several extensions of time, Petitioner filed on January 2, 2013, a document denominated as objections to the findings and recommendations, but which Petitioner represented were objections "only to the extent that the petitioner opts to amend his petition to eliminate the unexhausted claims, and file an amended petition that contains no unexhausted claims, and is based wholly on the Petition for Review to the California Supreme Court." (Doc. 19, 1.) Petitioner attached a proposed first amended petition to his filing. (Doc. 19, 4-34.) It thus appears that 1) Petitioner has no objections to the findings and recommendations concerning the unopposed motion to dismiss, and 2) Petitioner has moved to file an amended petition, which is fully consistent with the Magistrate Judge's ultimate recommendation in the findings and recommendations.

On January 9, 2012, Respondent filed a reply to the objections and a response to the motion to file an amended petition in which Respondent argued that as to one of the sub-claims in the proposed first amended petition, Petitioner had not exhausted his state court remedies. Respondent did not otherwise oppose the filing of the amended petition, but Respondent requested that he not be required to answer the unexhausted sub-claim.

## II.   The Findings and Recommendations

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. The undersigned has carefully reviewed the entire file and has considered the objections; the undersigned has determined there is no need to modify the findings and recommendations based on the points raised in the objections. The Court finds that the report and the express recommendations are supported by the record and proper analysis.

The Magistrate Judge correctly concluded that, as Respondent argued in the motion to dismiss, Petitioner failed to raise before the California Supreme Court a claim or sub-claim that the in-field identification that followed the arrest was unduly suggestive. Further, the Magistrate Judge correctly concluded that Petitioner's cumulative error claim was not raised before the California Supreme Court.

Accordingly, as the Magistrate Judge indicated, the initially filed petition is a mixed petition subject to dismissal. The Magistrate Judge correctly recommended that Petitioner be permitted to move to withdraw his claims as to

which state court remedies were not exhausted.

Accordingly, the Court will adopt the recommendations of the Magistrate Judge.

### III. Filing of the Proposed First Amended Petition

The claims that Petitioner seeks to raise in his proposed first amended petition (FAP) are as follows:  1) Petitioner's arrest was without probable cause, and thus the evidence resulting from the arrest must be suppressed; 2) Petitioner's three-hour detention was excessive under the Fourth Amendment; 3) Petitioner's statements were obtained involuntarily and must be suppressed; 4) the trial court's failure to give lesser-included-offense instructions was a violation of due process; and 5) trial counsel was ineffective and made an unreasonable, prejudicial, professional decision in conceding to the jury that the Petitioner was the shooter.  (Doc. 19, 5.)

In the reply, Respondent argues that Petitioner did not exhaust state court remedies as to Petitioner's claim that physical evidence should be suppressed as a result of his arrest without probable cause.  Respondent bases this position on the Magistrate Judge's observation in the findings and recommendations that Petitioner did not expressly mention physical evidence or the identification as fruits of Petitioner's arrest or detention, and that consequently, their admissibility was not presented to the California Supreme Court.

It is true that in the petition for review, no specific evidence was expressly identified as fruits of the unlawful arrest.  (LD 3.)  However, Petitioner's argument heading asserted directly that the evidence obtained as a result of the arrest

4

must be suppressed because the arrest violated the Fourth Amendment. (LD 3, i (item 1.)[1] Further, Petitioner attached as an exhibit to the petition for review the appellate decision of the Court of Appeal of the State of California, Fifth Appellate District (CCA). (Id. at 1.) In the petition for review, Petitioner expressly adopted the statement of the case and facts from the CCA's decision. (Id. at 3.) The CCA's statement of the case and facts detailed responding law enforcement officers' discovery of Petitioner, his confederates, shoe prints on the side of a hill a short distance from the site of the officers' initial encounter with Petitioner, a trail of shoe prints leading back to the property where the Petitioner's offense occurred, a shotgun containing four shells located along the trail of shoe prints, a handgun, and additional shoe prints and shotgun shell casings discovered at the scene of the crime. It also set forth Petitioner's statements that were taken on the day of the arrest. (LD 2 at 3-5.)

   It thus appears that Petitioner incorporated into his petition for review a statement of the facts that included specification of Petitioner's statement and the specific items of physical evidence that resulted from the arrest process. Further, he expressly raised before the California Supreme Court

---

[1] The argument heading regarding fruits stated in the petition for review is as follows:

> REVIEW SHOULD BE GRANTED TO DETERMINE IF THE FACTORS CITED BY THE COURT OF APPEAL WERE SUFFICIENT TO ESTABLISH PROBABLE CAUSE FOR ARREST OR IF THE EVIDENCE OBTAINED AS A RESULT OF THE ARREST MUST BE SUPPRESSED BECAUSE THE ARREST VIOLATED THE FOURTH AMENDMENT.

(Id. at i (item 1).)

5

not only the issue of the absence of probable cause for the arrest, but also the issue of suppression of the evidence obtained as a result of the arrest.

The Court agrees with the Magistrate Judge that Petitioner's argument in the petition for review with respect to the Petitioner's confession did not necessarily imply that the other evidence resulting from the arrest should be suppressed. However, such an implication was not necessary because Petitioner's legal argument heading, the incorporated statement of facts from the CCA's appellate decision, and Petitioner's argument sufficed to alert the state court to the factual and legal bases of the claim that the evidence resulting from the arrest should be suppressed because of a Fourth Amendment violation. A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Accordingly, the Court concludes that Petitioner exhausted state court remedies as to Petitioner's sub-claim concerning suppression of physical evidence. Therefore, the Court rejects Respondent's suggested limitation on the claims Petitioner may raise in the first amended petition.

Petitioner's filing of the first amended petition is otherwise unopposed by Respondent.

A court has inherent power to control its docket and the

disposition of its cases with economy of time and effort for both the court and the parties. Landis v. North American Co., 299 U.S. 248, 254-255 (1936); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). To facilitate the readying of the instant case for a decision on the merits, the Court will grant Petitioner's unopposed motion to file the proposed first amended petition and will refer the case back to the Magistrate Judge for further screening.

IV. Disposition

Accordingly, it is ORDERED that:

1) The findings and recommendations filed on July 26, 2012, are ADOPTED in full; and

2) Petitioner's motion to file the proposed first amended petition is GRANTED; and

3) The Clerk is DIRECTED to file the proposed first amended petition, consisting of document 19 at pages 4 through 34, as the first amended petition; and

4) Respondent's request to limit the claims stated in aforementioned first amended petition is DENIED; and

5) The case is referred back to the Magistrate Judge for further screening.

IT IS SO ORDERED.

**Dated:   January 23, 2013            /s/  Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE